JACOB S. GRUVER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 111725.   Promulgated May 27, 1943.

*Martin W. Meyer, Esq.,* for the petitioner.
*E. L. Corbin, Esq.,* for the respondent.

OPINION.

Turner, *Judge:* The respondent has determined that the profit the petitioner received from sales of property in 1939 and 1940 is ordinary income from his business. The petitioner contends that it is capital gain. In the respondent's determination the taxes were computed on 100 percent of the petitioner's profit under section 22 of the Internal Revenue Code, but if the petitioner's contention is correct, the tax should, under section 117 (b) of the Code, be computed on 50 percent of his profit.

Section 117 (a) (1) defines capital assets to mean "property held by the taxpayer (whether or not connected with his trade or business), but does not include * * * property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business."

Section 19.117–1 of Regulations 103, in defining the meaning of terms, states "The term 'capital assets' includes all classes of property not specifically excluded by section 117 (a) (1)."

It is conceded that the petitioner was in the real estate business, but he contends that he held the property, involved herein, for trade or exchange as much as for sale and therefore it does not come within the meaning of words used in the statute, "property held * * * primarily for sale." He further contends that, if the property had been held primarily for sale, it was not for "customers in the ordinary course of his trade or business." We can not agree with the petitioner's interpretation of the law. The petitioner has been in no other occupation since 1908 than the real estate business. He has received an income from this business out of which he has accumulated and developed property, and is continuing to do so, by buying, selling, trading, and exchanging property.

There are many definitions of the word "sale." A "sale" may include a trade or an exchange of property where the property has a fixed value or price, and particularly where there is a difference in value or price to be paid in money or its equivalent. We believe most trades or exchanges of real property are made in that manner. The standard form that realtors use in trades or exchanges of property, on which the petitioner places much importance, carries a particular provision to take care of any difference of price in the transaction, indicating that few trades of property are mere acts of exchange without consideration of value or price. Although a substantial part of the petitioner's business may have been in trades and exchanges, yet those trades and exchanges represented dollars and cents values to him, and it was his business to make dollars and cents in the long run from his transactions. However, he did not confine his business to trades or exchanges but much of it was selling property for cash.

It is not clear whether his trades and exchanges were more than his sales for money, but a substantial part of his business was such sales. He held the property as much for money sale as for trade or exchange for other property. In our opinion, and we so conclude, the property here in question was property held by the petitioner primarily for sale in his business within the meaning of the statute.

Did the petitioner hold the property primarily for sale to customers in the ordinary course of his business? Undoubtedly he did. Since it was his business to buy, sell, trade, and exchange property, he necessarily held the property for buyers and traders. His customers were usually real estate brokers or speculators. He preferred to deal with them rather than with the parties direct, but that did not remove them from the classification of "his customers" any more than his willingness to trade or exchange property indicated that he did not hold it for sale.

Under the record presented, it is clear that the petitioner's business was real estate, that the property he acquired was held primarily for sale, and for sale to his customers in the ordinary course of his business. The determination of the respondent is accordingly sustained.

*Decision will be entered under Rule 50.*